PEERLESS OIL COMPANY OF PENNSYLVANIA, A CORPO-
RATION, RELATOR, v. FRANK HAGUE, JOHN SAUL, A.
HARRY MOORE, MICHAEL I. FAGEN AND WILLIAM B.
QUINN, BOARD OF COMMISSIONERS OF THE CITY OF
JERSEY CITY, AND JOHN SAUL, SUPERINTENDENT
OF BUILDINGS OF JERSEY CITY, RESPONDENTS.

Argued October 7, 1925—Decided March 6, 1926.

**Zoning—Oil Station Permit Issued and After Expenditure of
Money Revoked—Permit was Either Valid or Invalid; if
Valid it was Not Revokable; if Invalid, Except Under Cer-
tain Conditions, the Governing Body was Not the Proper
Tribunal to Pass Upon the Invalidity—Mandamus Not the
Proper Remedy.**

On rule for *mandamus*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *Maurice J. Cronin*.

For the respondents, *Thomas J. Brogan*.

PER CURIAM.

From a stipulation of facts it appears that the Peerless
Oil Company, the relator, is the lessee of a vacant lot of
ground at the northeast corner of the Hudson Boulevard and
Pavonia avenue, in Jersey City, under a lease for five years;
that it made application to the zoning commission of that
city for permission to erect a motor vehicle service station on
the lot thus leased; that the application and accompanying
plans and specification were in conformity with the regula-
tions of the department and with the law of the state; that
the application was approved on June 2d, 1925, by the com-
mission, and that a permit was issued to the relator by the
building department of the city; that the relator then en-

gaged a contractor to build the station and that work had actually been begun under the permit; that by reason of protests from residents of the neighborhood the contractor was prohibited by the police department from proceeding with the work, and that, finally, on July 7th, 1925, the permit was revoked by formal resolution of the commission.

On these facts a rule was granted to the relator to show cause before this court why a peremptory or alternative writ of *mandamus* should not issue to compel the respondents to issue to it a new permit, or to renew the old permit to construct and operate the motor vehicle service station at the place named.

It is clear that the relief desired by the relator cannot be accorded. The permit already granted was still existent and was either valid or invalid. If valid the commission could not revoke it after acceptance and the expenditure of money upon it; and even if invalid by reason of anything but fraud in its procuring or of statutory prohibition, the commission was not the tribunal to pass upon such invalidity. *Montefiori Cemetery Co.* v. *Newark,* 3 *N. J. Mis. R.* 1104, and cases there cited. The excepted grounds are not here invoked. For these reasons *mandamus* is not the proper remedy.

The rule to show cause is discharged.